UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

WELLS FARGO BANK, N.A.,

                *Plaintiff*,

  -against-

KINGS TEC SUPPORT INC. and JOAN COONEY,

                *Defendants*.

---------------------------------------X

**MEMORANDUM AND ORDER**

23-CV-4551(KAM)(RML)

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), as a disinterested stakeholder, brought this Interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, seeking to deposit $41,395.20 of disputed funds with the Court. The disputed funds constitute the balance of a wire transfer to a Wells Fargo checking account which is being disputed by Defendants, Kings Tec Support Inc. ("Kings Tec"), and Joan Cooney. (ECF No. 1 ("Compl.") at ¶¶ 1-3.) An entry of default having been issued against Defendant Kings Tec, before the Court at this time is the joint application of Wells Fargo and Defendant Cooney for interpleader relief to discharge Wells Fargo and deposit the sum with the Court pending resolution of the underlying dispute. For the reasons set forth below, the Court grants the joint request.

1

**BACKGROUND**

**I.   Factual Background**

The dispute in the instant case arises out of a December 21, 2022, wire transfer in the amount of $50,000 into Defendant Kings Tec's account at Wells Fargo from Defendant Joan Cooney's account at Wells Fargo. (Compl. at ¶¶ 10-11.)  Kings Tec opened the account in question just over a month before, on November 14, 2022, at the Wells Fargo branch in Great Neck, New York.  (*Id.* at ¶ 10.) Just over a month after the transfer, Wells Fargo was notified that the December 21 transfer was fraudulent, and Wells Fargo was requested to return the funds to Defendant Cooney's account. (*Id.* at ¶ 12.) Kings Tec had already depleted some of the funds in its account, however, and as such, Wells Fargo took action to restrain the sum of $41,395.20 remaining in the Kings Tec account (the "Restrained Funds").  (*Id.* at ¶¶ 13-14.)  Kings Tec did not respond to oral and written requests from Wells Fargo to authorize the return of the Restrained Funds to Defendant Cooney over the weeks that followed.  (*Id.* at ¶¶ 15-18.)

Because Kings Tec failed to authorize Wells Fargo to return the Restrained Funds, the funds in dispute are not sufficient to cover the claims of both Kings Tec and Defendant Cooney.  (*Id.* at ¶¶ 19.)  Accordingly, Wells Fargo brought this action pursuant to 28 U.S.C. § 1335, to deposit the subject funds with the Registry of the Court for subsequent disbursement.  (*See generally* Compl.)

## II. Procedural History

Wells Fargo brought the instant complaint seeking interpleader relief on June 20, 2023. (*See* Compl.) Defendant Joan Cooney answered the complaint, proceeding *pro se,* on July 20, 2023. (*See* ECF No. 8.) Defendant Kings Tec was served on July 21, 2023, and has yet to appear in this action—accordingly, Wells Fargo requested a certificate of default on September 14, 2023, and the Clerk of Court noted Kings Tec's Default on September 15, 2023. Subsequently, Wells Fargo moved for interpleader relief on September 19, 2023, and requested $4,347.48 in attorneys' fees and costs. (ECF No. 14.) Defendant Cooney, through counsel, initially objected to Wells Fargo's request for attorneys' fees in an amount of more than $550, on November 1, 2023, (ECF No. 19), and subsequently consented to Wells Fargo's motion for interpleader relief while preserving her objection to the amount of attorneys' fees to be awarded, (ECF No. 20). Shortly thereafter, on November 10, 2023, Wells Fargo informed the Court that Defendant Cooney had agreed to attorneys' fees and costs of $1,700, resolving her objection to the motion for interpleader relief. (ECF No. 22.) Wells Fargo and Defendant Cooney provided the Court with a proposed consent order granting interpleader relief to Wells Fargo as requested in its September 19, 2023, motion, albeit with attorneys' fees and costs reduced from the original request to the amount of $1,700. Under the consent order proposed by the Wells Fargo and

Defendant Cooney, Wells Fargo would deposit $39,695.20 (the Restrained Funds minus $1,700 for attorneys' fees) into the Registry of the Court within sixty days, Wells Fargo would be awarded attorneys' fees and costs of $1,700 out of the Restrained Funds, the Defendants would be restrained and enjoined from bringing any action against Wells Fargo in connection with the interpleader motion or the Restrained Funds, and Wells Fargo would be dismissed as a party to the action with prejudice.

## LEGAL STANDARD

The purpose of an interpleader – an equitable device – is to afford protection to a stakeholder from "double liability or vexatious, conflicting claims." *Bank of NY v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "Whether statutory or under Rule 22, interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fidelity Brokerage Services, LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)); *see also New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 715 (E.D.N.Y. 2012). Courts use a two-step approach to evaluate an interpleader action. *Hartford Life Insurance Company v. Simonee*, No. 14-CV-7520 (SJF), 2015 WL 8490998, at *2 (E.D.N.Y. Dec. 10, 2015) (*citing Metropolitan Life*

*Insurance Company v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013)). First, the Court must determine whether the jurisdictional requirements of Section 1335 have been met, and if they have been met, the Court discharges the plaintiff from liability. *Apostolidis*, 841 F. Supp. 2d at 716-17. Second, the Court adjudicates claims among the remaining adverse parties. *Id.* at 717. To resolve Wells Fargo's motion for interpleader deposit, the Court need only address the first step.

To determine whether an interpleader is appropriate under the first step, the Court must first ensure that the plaintiff has met the jurisdictional requirements pursuant to 28 U.S.C. § 1335. *Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, No. 19-CV-5329 (PKC), 2021 WL 695122, at *2 (E.D.N.Y. Feb. 23, 2021). Statutory interpleader has three requirements: "1) the amount in controversy must be $ 500 or more; 2) the two or more adverse claimants claiming entitlement to the amount in controversy must be of diverse citizenship; and 3) the plaintiff must deposit either the amount at issue, or an appropriate bond, with the court." *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 484 (E.D.N.Y. 2019)(quoting *Hartford Life Ins. Co.*, 2015 WL 8490998, at *2). Section 1335's diversity requirement only calls for minimal diversity, meaning diversity of citizenship between two or more claimants, and other claimants may be co-citizens. *Metropolitan Life Insurance Company*, 966 F. Supp. 2d 97 at 102.

5

If the jurisdictional requirements are met, the Court will discharge the plaintiff from liability if the plaintiff has "a real and reasonable fear of double liability or vexatious, conflicting claims . . . regardless of the merits of the competing claims." *Id.* (*citing Washington Elec. Coop., Inc.*, 985 F.2d at 679 and *Fidelity Brokerage Services, LLC*, 192 F. Supp. 2d at 178). "A court is not required to assess the merits of the competing claims in determining whether interpleader is appropriate because 'the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim.'" *Locals 40, 361 & 417 Pension Fund v. McInerney*, No. 06-CV-5224 (JFK), 2007 WL 80868, at *3 (S.D.N.Y. Jan. 9, 2007) (*quoting John Hancock Mut. Life Inc. Co. v. Kraft*, 200 F.2d 952, 954 (2d Cir. 1953)).

A disinterested stakeholder may move for attorneys' fees and costs as part of a motion for interpleader relief, and those "fees and costs are generally awarded to an innocent and otherwise disinterested stakeholder who has expended time and money participating in a dispute not of his own making and the outcome of which has as no impact on him." *Fidelity Brokerage Services, LLC*, 192 F. Supp. 2d at 183 (internal quotation marks and citation omitted); *see also Septembertide Publishing B.V., v. Stein and Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). When the stakeholder meets the mentioned criteria, it is entitled reasonable attorneys'

6

fees and costs. *Fidelity Brokerage Services, LLC*, 192 F. Supp. 2d at 183.

## DISCUSSION

### I. The Jurisdictional Requirements of 28 U.S.C. § 1335 Are Satisfied

Wells Fargo has satisfied the jurisdictional requirements of 28 U.S.C. § 1335. First, the amount of Restrained Funds in controversy are $41,395.20 (as of June 20, 2023), which exceeds the $500 minimum requirement. (Compl. ¶ 14.) Second, there are two or more adverse claimants of diverse citizenship: Defendant Joan Cooney is domiciled in Georgia and Defendant Kings Tec is incorporated in and has its principal place of business in New York. (*Id.* ¶¶ 5-6.) As set forth above, Defendants assert competing and adverse claims as to who is entitled to the Restrained Funds, as Defendant Cooney alleges the transfer was made fraudulently, and Kings Tec refuses to provide authorization to transfer the funds out of its account. "This is precisely the situation for an interpleader action, which requires a plaintiff to allege a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." *Apostolidis*, 841 F. Supp. 2d at 717-18 (internal quotation marks and citations omitted). Wells Fargo's interpleader action is therefore appropriate.

### II. The Non-Defaulting Parties' Joint Requests for Relief

7

The non-defaulting parties jointly request this Court to permit Wells Fargo to deposit the Restrained Funds with the Clerk of the Court. Because the jurisdictional requirements of Section 1335 have been met, that application is granted and Wells Fargo is directed to deposit the total sum of $41,395.20, minus attorneys' fees (discussed *infra*), plus the applicable accrued interest since June 20, 2023, with the Court registry in an interest-bearing account within twenty days of the date of this Decision and Order. *See Apostolidis*, 841 F. Supp. 2d at 719 (directing a plaintiff that met all jurisdictional requirements of § 1335 to deposit the total sum of disputed insurance proceeds with the Court registry in an interest-bearing account).

The non-defaulting parties also jointly request that Wells Fargo be discharged from the present action. In an interpleader action, the court "may discharge the plaintiff from further liability, may enter a permanent injunction restraining the claimants from proceeding in any state or United States court in a suit to affect the property, and may make all appropriate orders to enforce its judgment." *Locals 40, 361 & 417 Pension Fund*, 2007 WL 80868, at *3 (citing *New York Life Insurance Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983)); *see also Mendez v. Teachers Insurance and Annuity Association and College Retirement Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992) (finding that pursuant to § 2361, a district court may discharge the

8

stakeholder in any civil interpleader action from further liability to claimants). "Generally, once an interpleader plaintiff has satisfied the Section 1335 jurisdictional requirements of an interpleader claim, the court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake." *Apostolidis*, 841 F. Supp. 2d at 720 (internal citation omitted); *Hartford Life Insurance Company*, 2015 WL 8490998, at *3 ("If the court is satisfied that both the jurisdictional requirements have been met and interpleader is an appropriate remedy, then the plaintiff-stakeholder is discharged from liability . . ."). A disinterested stakeholder, like here, should be discharged unless there are serious charges that the action was brought in bad faith. *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 96 (2d Cir. 1983). No such charges exist here.

Accordingly, the Court finds that Wells Fargo is a neutral stakeholder that has satisfied the jurisdictional requirements under § 1335 and there is no indication that Wells Fargo is independently liable to any claimant. Once Wells Fargo deposits the interpleader funds, Wells Fargo is directed to notify the Court and submit a proposed order releasing and discharging Wells Fargo from any further liability to any party in this action or arising

9

out of the Restrained Funds. *See* 28 U.S.C. §§ 1335, 2361; Fed. R. Civ. P. 67.

As for the parties' joint request for a permanent injunction, "Section 2361 enables a party meeting the requirements of Section 1335 to obtain a restraining order without following the procedures set forth in Rule 65, Fed. R. Civ. P., which normally governs the issuance of injunctive relief." *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y. 1992) (citing Fed. R. Civ. P. 65(e)). As other courts have noted in similar situations, a permanent injunction restraining the Defendants from continuing or bringing any suits against Wells Fargo with regard to the Restrained Funds at issue is necessary to protect Wells Fargo from overlapping lawsuits and to ensure the effectiveness of the interpleader remedy. *See Apostolidis*, 841 F. Supp. 2d at 720; *see also Metropolitan Life Insurance Company v. Mitchell*, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013). Thus, the joint request for a permanent injunction is also granted.

Finally, as regards attorneys' fees and costs, Wells Fargo meets the criteria of an "otherwise disinterested stakeholder who has expended time and money participating in a dispute not of [its] own making and the outcome of which has [] no impact on [it]" and thus is entitled to reasonable attorneys' fees and costs. *Fidelity Brokerage Services, LLC*, 192 F. Supp. 2d at 183 (citing *Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 830 (S.D.N.Y. 1977)).

Wells Fargo has already submitted a detailed accounting of its attorneys' fees and costs, reflecting 6.2 hours of attorney time (by a partner) expended on the matter as of September 19, 2023, as well as $1,823 in costs.  (ECF No. 14.)  Given Wells Fargo's joint request is for $1,700, which would result in a $274.19 hourly rate in the absence of costs, the Court finds the request for attorney's fees to be reasonable, and accordingly finds Wells Fargo is entitled to the requested award.

## **CONCLUSION**

Based on the foregoing, Plaintiff is directed to deposit the sum of $39,695.20, plus the applicable accrued interest at the time of distribution, with the Court registry in an interest-bearing account within twenty days of the date of this Order. Upon deposit of the funds with the Clerk of the Court, Wells Fargo is directed to notify the Court and submit a proposed order releasing and discharging Wells Fargo from any further liability to any party in this action or arising out of the Restrained Funds. Defendants are enjoined pursuant to 28 U.S.C. § 2361 and 28 U.S.C. § 1335 from instituting any action or other proceeding in any state or United States court affecting the subject matters involved in this interpleader action.

**SO ORDERED**

Dated:   November 27, 2023
         Brooklyn, New York

_/s/_

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York