UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

WELLS FARGO BANK, N.A.,

                *Plaintiff*,

   -against-

KINGS TEC SUPPORT INC. and JOAN COONEY,

                *Defendants*.

----------------------------------------X

**MEMORANDUM AND ORDER**

23-CV-4551(KAM)(RML)

**KIYO A. MATSUMOTO, United States District Judge:**

    Following the dismissal of Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") from the instant case on December 20, 2023, Defendant Joan Cooney moves for the release of disputed funds deposited by disinterested stakeholder Wells Fargo with the Clerk of Court.  (*See* ECF No. 28, Motion for Disbursement of Funds from Court Registry ("Def. Mot.").)  The disputed funds constitute the balance of a wire transfer to a Wells Fargo checking account which is being disputed by Defendants, Kings Tec Support Inc. ("Kings Tec"), and Joan Cooney.  (ECF No. 1 ("Compl.") at ¶¶ 1-3.)

    The Court assumes familiarity with the factual background of the underlying dispute, which is discussed in detail in the Court's November 27, 2023, Memorandum and Order granting Wells Fargo's Motion for Interpleader Deposit.  *See Wells Fargo Bank, N.A. v. Kings Tec Support Inc.*, No. 23-CV-4551 (KAM), 2023 WL 8189799, at

1

\*1 (E.D.N.Y. Nov. 27, 2023). In the time since the entry of the Court's opinion, Wells Fargo deposited the disputed funds with the Clerk of Court and was subsequently dismissed from the action on December 20, 2023. (ECF No. 26.) Subsequently, Defendant Cooney moved for disbursement of the disputed funds from the Court Registry on December 26, 2023. (ECF No. 27.) This Court denied that motion without prejudice, ordering that Defendant Cooney properly serve the motion on defaulting Defendant Kings Tec and also include a sworn affidavit regarding Defendant Cooney's entitlement to the funds. Defendant Cooney subsequently filed a renewed motion on January 4, 2024. (Def. Mot.) On January 5, 2024, this Court issued an Order to Show Cause to Defendant Kings Tec stating the following:

> In light of Defendant Cooney's sworn affidavit regarding her entitlement to the funds currently being held in the Court Registry, and Defendant Kings Tec Support, Inc.'s default having been entered by the Clerk of Court on September 15, 2023, the Court is prepared to enter default judgment against Defendant Kings Tec and release the funds to Defendant Cooney. Defendant Kings Tec is ORDERED TO SHOW CAUSE no later than January 25, 2024, as to why a default judgment should not be entered and the funds released to Defendant Cooney. If Defendant Kings Tec fails to respond by that date with a showing of a meritorious defense or other reason why default judgment should not be entered against them and the funds paid to Defendant Cooney, the Court will order default judgment entered and for the funds to be released on January 26, 2024.

(Docket Order dated January 5, 2024.) The Clerk of Court, at the Court's direction, mailed a copy of the order to Defendant Kings

Tec at its address as detailed in the original complaint, and noted service on the docket on January 5, 2024. Defendant Kings Tec failed to respond to the Order to Show Cause or request an extension by January 25, 2024. As such, the Court will now turn to Defendant Cooney's entitlement to the disputed funds and entry of a default judgment against Defendant Kings Tec.

"In an interpleader action, the failure of a claimant defendant 'to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.'" *Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, No. 19-CV-5329 (PKC), 2021 WL 695122, at *3 (E.D.N.Y. Feb. 23, 2021) (quoting *Metro. Life Ins. Co. v. Little*, No. 13-CV-1059 (BMC), 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013)). Accordingly, "if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Krenzen*, 2021 WL 695122, at *3. Defendant Kings Tec was served on July 21, 2023, and has yet to appear in this action—accordingly, Wells Fargo requested a certificate of default on September 14, 2023, and the Clerk of Court noted Kings Tec's Default on September 15, 2023. Defendant Cooney, by contrast, timely answered the complaint on July 20, 2023, asserting her entitlement to the disputed funds. (ECF No. 8.)

Attached to Defendant Cooney's renewed motion for disbursement of funds is a sworn affidavit explaining her

3

entitlement to the funds, and how the fraudulent wire transfer in question was initiated. (ECF No. 28-1, Affidavit of Joan Cooney ("Def. Aff.").) Defendant Cooney explains in her affidavit how she came to provide her bank account information to an individual who purported to be a "Senior Manager" in the "Anti-fraud Department of Amazon." (*Id.* ¶¶ 6-8.) The individual requested that Defendant Cooney provide her account information for the purposes of receiving a "refund" for a gift card Defendant Cooney had allegedly been tricked into purchasing. (*Id.* ¶¶ 9-10.) After several instructions from the individual purporting to be from Amazon, Defendant Cooney received wire transfer instructions by phone and text message "with the understanding that [she] was transferring [her] money to a secure account and that the funds would be returned to [her]." (*Id.* ¶¶ 23-24.)

Ultimately, Defendant Cooney wired, by her account, over $100,000 to accounts associated with Kings Tec by December 2022, including a $50,000 wire transfer on December 21, 2022. (*Id.* ¶¶ 34-39.) Defendant Cooney eventually "realized that [the individual purporting to be a Senior Manager at Amazon] and Kings Tec Support, Inc. are not affiliated with Amazon" and reported the transactions to Amazon, police in Georgia, and Wells Fargo Bank. (*Id.* ¶ 40.) Wells Fargo stated in its original complaint that it restrained the remaining funds in Kings Tec's account after being notified that the December 21, 2022, wire transfer of $50,000 was

4

fraudulent. (ECF No. 1, Complaint, at ¶¶ 11-14.) Defendant Cooney closes her affidavit by noting that "[t]he $39,695.20 in the Court Registry are [her] funds" and she moves to release the funds to her less any court administrative costs, and the pro hac vice fee of $150 for her counsel. (Def. Aff. ¶ 42.)

As this Court has already completed the first stage of an interpleader inquiry, wherein the disinterested stakeholder "demonstrate[s] that the requirements for interpleader have been met and that it is entitled to a discharge," only the second step remains, in which the Court "determines the adverse claims between the claimants." *Metro. Life Ins. Co. v. Little*, No. 13-CV-1059 (BMC), 2013 WL 4495684, at *1 (E.D.N.Y. Aug. 17, 2013) (citing *New York Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 (2d Cir. 1983)). In the present case, there can be no question that Defendant Kings Tec has forfeited any claims to the funds by its default. "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Little,* 2013 WL 4495684, at *2 (citation omitted). Here, Defendant Kings Tec has failed to appear, its default has been noted, and the remaining claimant has set out in a detailed affidavit her entitlement to the funds. Furthermore, Defendant Kings Tec failed to respond to this Court's January 5, 2024, Order to Show Cause, which explicitly warned that

5

a default judgment could be granted in the absence of a showing of a meritorious defense. (Docket Order dated January 5, 2024.) Accordingly, the Court grants Defendant Cooney's motion for disbursement of funds from the Court Registry, and default judgment is entered against Defendant Kings Tec as to Wells Fargo's original interpleader complaint.

## CONCLUSION

Based on the foregoing, the Clerk of Court is directed to issue a check for the amount of $39,545.20 (the disputed funds of $39,695.20 minus the $150 pro hac vice fee), less any court administrative costs, payable to Joan Cooney, and to mail that check to her attorneys of record. The Clerk of Court is also directed to enter default judgment against Defendant Kings Tec and in favor of Defendant Cooney as to Wells Fargo's interpleader complaint and serve a copy of this Memorandum and Order and the default judgment to Kings Tec and note service on the docket.

Defendant Joan Cooney is further directed to file a dismissal without prejudice of all her claims against Defendant Kings Tec and the other parties against whom she sought damages in her cross claim and third-party claim within five days of the receipt of the check from the Clerk of Court, as detailed in her Motion.

**SO ORDERED**

Dated:   January 26, 2024
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York